AUG. TERM
1835.

Hughes
v.
Hays.

————∗✳∗————

### JAMES HUGHES v. ABSALOM HAYS.

1. To prove notice of an appeal from a J. P. to the cir. ct.; a witness stated that more than 10 days before the first day of the cir. ct., he served on the appellee a notice signed by appt., that an appeal had been taken from the judg't of justice E. (before whom the case had been tried) that he did not recollect whether the names of the parties were inserted, but believed they were.
2. Held, prima facie evidence of legal notice—and should have been received by the cir. ct. as such.
3. Notice to produce a notice, need not be given to authorize the contents of the first notice to be proved by parol.

Writ of Error to the circuit court of Warren county.

Opinion of the court delivered by TOMPKINS J.[*]

To prove notice of an appeal from a J. P. to the cir. ct. a witness stated that more than 10 days before the first day of the cir. ct., he served on the appellee a notice signed by app't, that an appeal had been taken from the judgt. of justice E. (before whom the case had been tried) that he did not recollect whether the names of the parties were inserted, but believed they were.

Held prima facie evidence of legal notice—and should have been received by the cir. ct. as such.

Notice to produce

Hays sued Hughes, before a justice of the peace, and having obtained judgment, Hughes appealed to the circuit court. In that court his appeal was dismissed, and to reverse the judgment of the circuit court, he brings his cause by writ of error to this court. Hughes, it appears, did not take his appeal from the justice on the day of trial. He produced a witness in the circuit court, who testified that more than ten days before the first day of said court, he had served on Hays a notice signed by Hughes, that an appeal had been taken from the judgment of justice Erwin, before whom the cause had been tried. The witness stated on examination that he had read the notice, that he could not recollect whether the names of the parties were inserted in the notice or not, but believes they were. The law requires that the notice of the appeal shall be in writing.—See Digest p. 481. Law establishing justices courts sec. 23.—Prudence would require that the party serving the notice should keep a copy of it as the best evidence. But none such being kept in this case, we are of opinion, that sufficient evidence has been given to raise a presumption of a good and sufficient notice being served on the defendant in error. Had it been true that the notice served on him were insufficient, he might have produced it and submitted it to the court. For we do not hold it

—————————————————————

[*]Judge Wash absent.

necessary to give the defendant notice to produce his notice before the witness can be let in to prove the contents of the notice served. If this were the case, there would be no end of giving notices to produce notices. The circuit court decided correctly that the evidence of the witness to prove the service of written notice was admissible; but it seems to have dismissed the cause, because it did not think the evidence sufficiently strong to prove the service. Nothing being shown to impeach the credit of the witness, we necessarily believe he told the truth, and as above observed, if the notice which he served on Hays had been bad, Hays had it in his power to produce it and show its insufficiency. As the matter stands, we hold that enough has been proved to raise a reasonable presumption that Hays received a good and sufficient notice of the appeal, and to throw on him the burthen of proving the contrary. Being then of opinion that the circuit court erred in dismissing the cause,—we reverse its judgment and remand the cause for further proceedings in conformity with this opinion.

*AUG. TERM 1835.*

a notice need not be given to authorize the contents of the first notice to be proved by parol.